REID, Judge.
Plaintiff filed this suit against Community Chevrolet Company for the sum of $777.97 alleging that amount is due him by reason of a fraud perpetrated upon plaintiff by the sale of a Buick automobile from the defendant to plaintiff. He alleges that the chattel mortgage securing the sale of the car was in the amount of $3767.04 insofar as the principal is concerned and is therefore $777.97 more than the agreement reached at the time of the sale between the parties. He alleged in the alternative he was a man of limited formal education and the said damages grew out of error and mistake on his part in signing the said chattel mortgage and promissory note.
Defendant filed an answer denying any fraud, denying the indebtedness and further alleging that according to their Invoice No. 9029, which was for the sale of the 1960 Buick automobile to the plaintiff, and the act of sale and chattel mortgage, both show that the amount to be financed was $3767.04, payable in 36 equal installments of $96.89 per month, commencing April 5, 1960.
The case was duly tried and the Lower Court rendered judgment in favor of the defendant and against the plaintiff, rejecting plaintiff’s demand and dismissing this suit at his cost. From this judgment plaintiff has brought this appeal.
Plaintiff offered in evidence defendant’s Invoice No. 9029 which computes the sale of the new Buick to plaintiff as follows:

The allowance for the used car is computed on this statement as follows:
“Gross allowance on used car $1100.75
To be paid to Allied Finance Co. of B.R.La. by Comm. Chev. Co. 1449.75
Net allowance on used car (349.00)”
*772 The defendant offered in evidence the dealer’s worksheet which was signed on the hack by plaintiff at the bottom of the customer’s statement. This worksheet computes the transaction as follows:

While the figures may be a little bit different it is very easy to see that they mean the same thing and the total shown as the balance due to be financed is actually the same.
Mr. Alvin Stire, the sales manager for defendant company testified this difference in the finance charge and life insurance between the two statements, was caused by a mistake which was corrected by the Allied Finance Company. He testified that the defendant was not charged enough insurance and rather than charge Mr. Puma any more they took it out of the finance charge and credited his life insurance with it. The amount shown on the dealer’s worksheet for insurance, $35.04 and added to it the $635.00 for the finance charge makes a total of $670.04 which is the amount shown on Invoice No. 9029, as the finance charge.
The main item in dispute between the two parties is the amount of discount to be allowed plaintiff in the transaction. Mr. Puma testified that he was to be given a $700.00 discount, plus a trade-in allowance of $1800.75 for his old car. Mr. Stire stated that he was to be given $1100.75 for his old car, plus $700.00 discount which made $1800.75.
Invoice No. 9029 shows a gross allowance on the used car of $1100.75 which credited on the amount to Allied Finance Company of $1449.75 left a loss on the old car of $349.00.
The dealer’s worksheet shows a gross trade-in amount of $1800.75 less the amount paid to Allied Finance Company, $1449.75, leaving a total trade-in allowance of $351.-00. The $351.00 added to $349.00 shown as a loss on the invoice makes $700.00 discount. Mr. Stire testified that this was purely a bookkeeping transaction because under either set of figures the amount to be financed is actually the same.
*773 Plaintiff testified lie had no formal education and he plead mistake and error in that he signed the papers in blank and did not understand the difference and in fact did not understand the figures at all, stating that his wife and son took care of the figuring for him. However, he testified he had fifteen years experience as a general contractor in California and Louisiana, and we believe that any man engaged in business to this extent certainly understands figures enough to understand the ordinary mathematical calculations of the balance due on an automobile.
 The only other allegation of error made by plaintiffs is that the Court erred in allowing defendant to introduce its records in support of this contention.
The only evidence offered by defendant were, first, the statement or invoice showing the amount received from the sale of the Puma trade-in of $1150.00 to M and M Motors. This car had been wrecked and the $989.78 paid in cash by Mr. Puma on the purchase of the Buick was his insurance check for these damages. The purchaser, Alvin Profit, testified that he paid $1700.00 for the car. He first testified $1600.00, then $1700.00 and then $1895.00. This is immaterial and was in rebuttal of the testimony given by the plaintiff’s witness. Actually, Mr. Stire’s testimony was to the effect that the price which the defendant received for the sale of the car to M and M Motors was $1150.00. Even if this evidence was inadmissible we have the undisputed testimony of Mr. Stire as to the amount. Secondly, the only other exhibit offered by defendant was dealer’s worksheet. The customer’s statement on the back of the worksheet was signed by plaintiff. Clearly this was admissible.
We, therefore, conclude that our Learned Brother below was correct and the judgment in this case is affirmed.
Affirmed.